**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
**JEFFREY D. REYNOLDS, on behalf of himself and**            :
**all others similarly situated,**                           :
                                                         :
    **Plaintiff,**                          :
                                                         :       **13cv1003 (HB)**
        **-against-**    :       <u>**OPINION & ORDER**</u>
                                                         :
**XEROX EDUCATIONAL SERVICES, LLC, s/h/i as**                :
**XEROX EDUCATIONAL SERVICES, INC., and**                    :
**WELLS FARGO BANK, N.A.,**                                  :
                                                         :
        **Defendants.**  :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

       Before the Court is a motion to dismiss for improper venue and under the doctrine of *forum non conveniens*, or in the alternative, a motion to transfer to N.D.N.Y. or W.D.V.A., pursuant to 28 U.S.C. § 1404(a) (2012), brought by Defendants Xerox Education Services LLC ("Xerox")[1] and Wells Fargo Bank, N.A. (collectively "Defendants") against Plaintiff Jeffrey Reynolds. For the reasons set forth below, Defendants' motion to dismiss is DENIED, and Defendants' motion to transfer to N.D.N.Y. is GRANTED.[2]

## I. BACKGROUND

       In June 1993, Plaintiff consolidated four student loans into one loan in the total principal amount of $22,636.97 (the "Consolidated Loan"). (Compl. ¶¶ 6, 10). Defendant Xerox Educational Services is the servicer of the Consolidated Loan. (Compl. ¶ 7). Defendant Wells Fargo is the current owner of the Consolidated Loan. (Compl. ¶ 8). Plaintiff alleges Defendants benefitted from the misapplication of his payments on his Consolidated Loan, and that this policy of misapplying payments was "embedded in its processing equipment." (Compl. ¶¶ 2-3). Plaintiff does not dispute that he communicated by both phone and mail with a Xerox office in Utica, New York. (Plaintiff's Opp. Brief. at 9).

---

[1] The parties refer to "ACS," "XES," and "Xerox" throughout their papers to refer to Defendant Xerox Educational Services LLC. In this opinion, that Defendant will be referred to as "Xerox."
[2] Because the motion to transfer is granted, the Court need not reach Defendants' arguments that Plaintiff's unjust enrichment claim should be dismissed.

## II. LEGAL STANDARDS & DISCUSSION

### A. Improper Venue

Under 28 U.S.C. § 1391(b)(1) (2012), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Defendants do not dispute that both Defendants Xerox and Wells Fargo are residents of the state of New York, and that Defendant Wells Fargo is a resident of this district. (Defs.' Mem. at 3-4). As such, venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

### B. Forum Non Conveniens

It is well established in this circuit that *forum non conveniens* only applies to transfers to foreign venues. *See Dorfman v. Marriot Int'l Hotels, Inc.*, No. 99 Civ. 10496 (CSH), 2001 U.S. Dist LEXIS 642, at *20-21 (S.D.N.Y. Jan. 29, 2001) ("Congressional enactment [after *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 (1947)] of 28 U.S.C. § 1404(a), which authorizes transfers between federal courts, relegated common law *forum non conveniens* to cases where the transfer is proposed to a foreign venue." (citing *DiRienzo v. Phillip Servs. Corp.*, 232 F.3d 49, 56 (2d. Cir. 2000) *rev'd on other grounds,* 249 F.3d 21 (2d Cir. 2002))). Here, where transfer is proposed to another United States district court, *forum non conveniens* is not appropriate.

### C. Transfer to N.D.N.Y.

#### 1. Legal Standard

A district court may transfer venue "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) (quoting *In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 117 (2d Cir.1992)). "[T]he party requesting transfer carries the 'burden of making out a strong case for transfer.'" *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) (quoting *Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.,* 865 F.2d 513, 521 (2d Cir.1989)) (internal quotation marks omitted). The movant must provide "detailed factual statements" in support. *Orb Factory, Ltd. v. Design Sci. Toys, Ltd.,* 6 F. Supp. 2d 203, 208 (S.D.N.Y. 1998), s*ee also N.Y. Marine*, 599 F.3d at 113-14 (2d Cir. 2010).

When considering whether to transfer venue, a court should consider several factors, including: (1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the

convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witness, and (7) the relative means of the parties. *D.H. Blair*, 462 F.3d at 106-07 (2d Cir. 2006).

        *2.  Defendants have satisfied their burden for transfer to N.D.N.Y.*

        At least three factors weigh in favor of transfer to the Northern District of New York: convenience of witnesses, location of relevant documents and relative ease of access to sources of proof, and locus of operative facts. Put another way, but for the Plaintiff's choice of forum, all relevant factors favor transfer.

        i.    *Convenience of Witnesses:* The moving party must submit "a specific list of probable witnesses who will be inconvenienced by the current forum and a general statement of what the witnesses' testimony will cover." *Student Advantage, Inc. v. Int'l Student Exch. Cards, Inc.,* No. 00 Civ. 1971 (AGS), 2000 U.S. Dist LEXIS 13138 at *19 (S.D.N.Y. Sept. 12, 2000). Defendants provided a declaration by Jamie Broedel, a Senior Research and Legal Support Specialist of Defendant Xerox ("Broedel Declaration"). (Broedel Decl. ¶¶ 1-2). The Broedel Declaration states that "the [Xerox] employees who were responsible for addressing the substance of Plaintiff's dispute, including Jason West, the Customer Service Supervisor who wrote the letter that Plaintiff attached as Exhibit E to the Complaint, as well as XES's Director of Operations, Manager of Customer Support and several other Customer Service Representatives, were employed at XES's Utica facility during the relevant time and are employed there currently." (Broedel Decl. ¶ 6). The Broedel Declaration offers sufficient detail to support Defendants' motion for transfer.

        ii.    *Location of Relevant Documents and Relative Ease of Access to Sources of Proof:* Although "[t]he location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents," *Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007), *aff'd sub nom. N.Y. Marine*, 599 F.3d at 102 , in this case, where the allegations involve misapplication of loan payments, caused by problems that are "embedded in [Defendants'] processing equipment," the location of the relevant systems may be more significant, (Compl. ¶ 3). The Broedel Declaration states that "[t]he computer systems which are involved in the servicing of Plaintiff's loan are available in the Utica facility" and that these computers are relevant to Plaintiff's allegations regarding the amortization and application of loan payments. (Broedel Decl.¶ 7, *citing* Compl. ¶ 25). The Broedel Declaration explains that the "[computer] system itself is key evidence

necessary to refute Plaintiff's allegations about it, but it cannot be transported to a court," weighing in favor of adjudication in N.D.N.Y. *Id.*

     iii.    *Locus of Operative Facts*: The Complaint includes allegations about how the Plaintiff's loan payments were handled, and the individuals he interacted with by phone and mail in attempting to address the problem. (Compl. ¶¶ 14-25). The Broedel Affidavit states that the "employees who were responsible for addressing the substance of Plaintiff's dispute . . . were employed at XES's Utica facility during the relevant time," and that "[t]he computer systems which are involved in the servicing of Plaintiff's loan are available in the Utica facility." (Broedel Decl. ¶¶ 6, 7).

***

     The Plaintiff does not argue that the facts or parties in this lawsuit have any connection to this district and instead only asserts that they wish to avail themselves of this district's "expertise in adjudicating the most complex financial matters." (Plaintiff's Opp. at 7). However, this is not a sufficient reason to adjudicate this lawsuit here, particularly when Defendants have presented cogent reasons that transfer to N.D.N.Y. is appropriate. This is so regardless of the complexity of the issue, since I am certain that the judges of the N.D.N.Y. are competent to resolve the issues in this lawsuit.  Although the Plaintiff has highlighted several cases where motions to transfer have been denied, in each of those cases there was *some* connection to this district beyond Plaintiff's choice to litigate here. *See, e.g.,Orb Factory,* 6 F. Supp. 2d at 208-11; *N.Y. Marine*, 599 F.3d at 113 ("the locus of operative facts as well as the interests of efficiency and fairness favor a New York forum"). In this case, the Plaintiff has not shown any connection to this forum other than his preference. On the other hand, Defendants have made out the "'strong case for transfer,'" required in this circuit. *N.Y. Marine*, 599 F.3d at 114 (quoting *Filmline*, 865 F.2d at 521). Defendants have demonstrated multiple factors that weigh in favor of transfer to N.D.N.Y., and that course of action is appropriate "for the convenience of the parties and witnesses, in the interest of justice."

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED, and Defendants' motion to transfer to N.D.N.Y. is GRANTED. The clerk of the court will assist in the transfer of this file, and will close this motion and this case, and remove it from my docket.

**SO ORDERED**
**September 11, 2013**
**New York, New York**

                                                    Hon. Harold Baer, Jr.
                                                    U.S.D.J.

5